**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Clark Units, LLC, Jetco Group Inc., Caleco Investments, LLC, Rocket City Portable McStorage, LLC, Sail Away Storage Corp., Q&S LLC, KAM LLC, Plan D LLC, Bird and Pup Inc., MAC Industries Inc., Unity Group East, Inc., KC Portable Storage, Inc., Evayan Mobile Storage, Inc., Units Storage and Moving of Minnesota, LLC, Carella Storage, LLC, Blackmon Storage Solution, Inc., Purdy Good Co., StroCo Ventures, Inc., ATH Storage, LLC, Martroy Storage, LLC, UNITS Moving & Portable Storage Seattle & Bellevue, Inc., and StoreU247, LLC, JPPC Storage, Inc., Desert Storage Ventures, Inc., Eliver LLC, and, Alban, LLC | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. NO.: 2:25-cv-12901-BHH |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| UNITS Franchising Group, Inc., | ) ) | |
| Defendant. | ) ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR HEARING

Plaintiffs, Clark Units, LLC, Jetco Group Inc., Caleco Investments, LLC, Rocket City Portable McStorage, LLC, Sail Away Storage Corp., Q&S LLC, KAM LLC, Plan D LLC, Bird and Pup Inc., MAC Industries Inc., Unity Group East, Inc., KC Portable Storage, Inc., Evayan Mobile Storage, Inc., Units Storage and Moving of Minnesota, LLC, Carella Storage, LLC, Blackmon Storage Solutions, Inc., Purdy Good Co., StroCo Ventures, Inc., ATH Storage, LLC, Martroy Storage, LLC, UNITS Moving & Portable Storage Seattle & Bellevue, Inc., and StoreU247, LLC, JPPC Storage, Inc., Desert Storage Ventures, Inc., Eliver, LLC, and, Alban, LLC, (collectively, "Plaintiffs"), by and through undersigned counsel, hereby submit their

Response to Defendant, UNITS Franchising Group, Inc.'s ("UFG") Motion for Hearing On Defendant's Motion to Dismiss, and in support thereof, state as follows:

## I.    <u>INTRODUCTION</u>

Defendant's request for a hearing should be denied for two independent reasons. *First*, the request is untimely. *Second*, a hearing is unnecessary because the Motion to Dismiss (ECF 21) has been fully briefed and oral argument would not aid in the Court's decisional process. In addition, Plaintiffs agree with UFG that this action is not stayed by Plaintiffs' Suggestion of Bankruptcy (ECF 33). As explained below, Defendant's Motion should be denied, and the Court should resolve UFG's Motion to Dismiss on the papers, unless the Court deems oral argument necessary.

## II.    <u>LEGAL ARGUMENT</u>

### A.    UFG's Request for a Hearing Should Be Denied.

UFG's Motion requesting a hearing should be denied as untimely.  Pursuant to the District of South Carolina's Local Rule 7.03, motions must be filed "**<u>immediately</u>** after the issues raised thereby are ripe for adjudication." Local Civ. Rule 7.03.

Here, UFG's request for oral argument comes months too late. Defendant filed its Motion to Dismiss the Amended Complaint on January 5, 2026 (ECF 21). Plaintiffs filed their Memorandum in Opposition on February 3, 2026 (ECF 28), and UFG filed its Reply on February 10, 2026 (ECF 30). UFG's Motion to Dismiss has "been fully briefed" and "ripe for adjudication" for more than four months. *United States v. Premier Med., Inc.*, No. 6:18-CV-165-TMC, 2023 WL 9060896, at *1 (D.S.C. Sept. 28, 2023). Yet, UFG did not request oral argument as part of its Motion to Dismiss, in its Reply, or at any point while the motion was being briefed. *E.g.*, *Concordia Pharms. Inc., S.A.R.L. v. Lazarus Pharms., Inc.*, No. CV 6:18-1658-HMH, 2019 WL 2502189, at *2 (D.S.C. June 17, 2019) (requesting oral argument on motion to dismiss ten days

after the motion was full briefed by the parties). UFG instead waited until June 25, 2026—approximately four and one-half months after the briefing closed, and nearly six months after it filed the Motion to Dismiss—to request a hearing. UFG's request is, therefore, untimely pursuant to local rule 7.03 and should be denied.

The only event UFG identifies as intervening between the close of briefing and its belated request is Plaintiffs' Suggestion of Bankruptcy (ECF 33). But UFG's own Motion takes the position that the Suggestion of Bankruptcy does not stay this action and does not affect the Court's ability to decide the Motion to Dismiss. (ECF 35 at 3–5.) By UFG's own account, then, nothing about the bankruptcy filing changed the posture of the Motion to Dismiss or supplied any new reason to request argument. UFG offers no explanation for why it could not have sought a hearing when briefing closed in February 2026. The request should be denied as untimely.

Even if the request for hearing was timely, oral argument on the Motion to Dismiss is unnecessary. The court should "dispense with oral argument because the materials before it adequately presents the facts and legal contentions, and argument would not aid the decisional process." *Premier Med., Inc.*, 2023 WL 9060896, at *1. The parties have fully briefed every issue raised by the Motion to Dismiss. UFG set out its Rule 12(b)(6) arguments in its opening memorandum (ECF 21) and its Reply (ECF 30); Plaintiffs responded to each in their twenty-seven-page Memorandum in Opposition (ECF 28). The pleading-stage questions UFG identifies—whether the operative Amended Complaint states claims for relief, and the effect of the documents incorporated into the pleadings—are legal questions fully developed in the briefing and appropriate for resolution on the papers. UFG identifies no issue that the briefing failed to join or that could not be resolved without argument.

That said, Plaintiffs recognize that the decision whether to hold oral argument rests in the

Court's sound discretion pursuant to Local Rule 7.08. If the Court concludes that oral argument would assist it in resolving the Motion to Dismiss as to the non-stayed claims, Plaintiffs are amenable to oral argument.

**B.      The Suggestion of Bankruptcy Does Not Stay This Action.**

The bankruptcy filing provides no basis for a hearing because Plaintiffs agree with UFG that this action is not stayed by the McArdles' bankruptcy filing. Plaintiffs filed their Suggestion of Bankruptcy (ECF 33) for the limited purpose of apprising the Court of the pending Chapter 11 case of David and Megan McArdle, and to note that, should UFG hereafter assert affirmative claims against David McArdle [or Rocket City Portable McStorage, LLC], such claims would be subject to the automatic stay under 11 U.S.C. § 362(a). The Suggestion of Bankruptcy does not seek to stay this action or the Motion to Dismiss, and Plaintiffs do not contend that any of their affirmative claims are stayed.

**III.     CONCLUSION**

For the foregoing reasons, Plaintiffs, Clark Units, LLC, Jetco Group Inc., Caleco Investments, LLC, Rocket City Portable McStorage, LLC, Sail Away Storage Corp., Q&S LLC, KAM LLC, Plan D LLC, Bird and Pup Inc., MAC Industries Inc., Unity Group East, Inc., KC Portable Storage, Inc., Evayan Mobile Storage, Inc., Units Storage and Moving of Minnesota, LLC, Carella Storage, LLC, Blackmon Storage Solutions, Inc., Purdy Good Co., StroCo Ventures, Inc., ATH Storage, LLC, Martroy Storage, LLC, UNITS Moving & Portable Storage Seattle & Bellevue, Inc., and StoreU247, LLC, JPPC Storage, Inc., Desert Storage Ventures, Inc., Eliver, LLC, and, Alban, LLC, respectfully request that this Honorable Court enter an Order: (i) denying Defendant's Motion for Hearing; and (ii) granting such other relief as this Honorable Court deems just and proper.

4

By: /s/ *Bruce E. Miller*
Bruce E. Miller (Fed Bar No. 3393)
BRUCE E. MILLER, P.A.
1459 Stuart Engals Blvd., Suite 202
Mount Pleasant, SC 29464
T: 843.579.7373
F: 843.614.6417
bmiller@brucemillerlaw.com

and

**Zarco Einhorn Salkowski, P.A.**
*Counsel for Plaintiffs*
*(Admitted Pro Hac Vice)*
One Biscayne Tower
2 S. Biscayne Boulevard, 34th Floor
Miami, FL 33131
Tel: (305) 374-5418

By: /s/ *Himanshu M. Patel*
**ROBERT ZARCO (FBN 502138)**
E-mail: rzarco@zarcolaw.com
**HIMANSHU M. PATEL (FBN 0167223)**
E-mail: hpatel@zarcolaw.com
E-mail: acoro@zarcolaw.com
**F. ALAINA RODRIGUEZ (FBN 1070046)**
E-mail: farodriguez@zarcolaw.com
E-mail: bryan@zarcolaw.com

July 8, 2026
Mt. Pleasant, SC

5